# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5693 | **DATE** | 9/19/2001 |
| **CASE TITLE** | Business Electronic Soldering vs. Charles Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Smith is ordered to file an appropriate amendment to the Answer in this Court's chambers on or before October 1, 2001. This Court retains the next telephonic status hearing date of November 2, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 1 2001 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 SEP 20 PM 1:27 | 9/20/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 21 2001

BUSINESS ELECTRONIC SOLDERING )
TECHNOLOGIES, INC., )
                                )
            Plaintiff,          )
                                )
      v.                        )    No.  01 C 5693
                                )
CHARLES SMITH, individually, etc., )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

Defendant Charles Smith ("Smith"), acting through North Carolina counsel, has filed his Answer and Counterclaim to the Complaint brought against him by Business Electronic Soldering Technologies, Inc. ("BEST"). Although that pleading has not conformed to this District Court's LR 10.1, which requires a paragraph-by-paragraph summary of each allegation of a complaint (normally handled by copying each of its paragraphs) followed by each response, this Court will not send Smith's counsel back to the drawing board for that purpose. That provision is of course intended to facilitate the adversary's and the court's ability to see just what is and what is not being either admitted or put in issue without having to flip back and forth between the two pleadings, but given the bulk of BEST's Complaint this Court will not impose that burden on out-of-state counsel (who was undoubtedly unfamiliar with the requirement).

But the same is not true of counsel's repeated noncompliance with the straightforward roadmap provided by the second sentence

of Fed. R. Civ. P. 8(b) when a party is unable either to admit or to deny an allegation but still seeks the benefit of a deemed denial--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). That noncompliance requires a recasting of Answer ¶¶2, 4, 5, 8-10, 16, 17, 26-31, 40 and 43. Unless Smith's asserted lack of information does not suffice to form a belief as to the truth of a particular BEST's allegation (a demanding standard), it is inappropriate for him or his counsel to invoke that standard.

Accordingly Smith is ordered to file an appropriate amendment to the Answer in this Court's chambers (with a copy of course to be transmitted to BEST's counsel) on or before October 1, 2001. This Court retains the next telephonic status hearing date of November 2, 2001.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 19, 2001